KLEIN, J.
Appellant was convicted of possession of cocaine, but argues that the trial court erred in refusing to give a special jury instruction stating that the defendant must have knowledge of the illicit nature of the substance possessed, citing Chicone v. State, 684 So.2d 736 (Fla.1996). We reverse.
At 3:30 A.M., appellant was stopped for a traffic violation. After her passenger got out of the car the officer observed appellant throw something towards the passenger side of the car. It turned out to be a black film cannister containing cocaine.
Appellant testified that, prior to the incident, she had dropped a friend off, and the friend had asked her to give the friend’s brother a ride to a location on appellant’s way home. Appellant, who did not know the young man, had seen him talking with some other young men on a street corner. She agreed, but soon after she left with the young man, an officer pulled her over. She concluded that the officer had been watching the young men on the corner.
Appellant testified that her passenger began to squirm, and she told him that, if he had anything on him, he should get rid of it. After she was stopped and the passenger had gotten out of the car, she saw the film cannister on the passenger seat and became “frozen in fear.” She explained that she was very concerned that there were drugs in the cannister, and she panicked. She knew that it “belonged to him,” so she picked it up and “threw it towards the officers and it landed between the two officers.” She explained:
A. I wasn’t trying to hide it. I just was so scared, and I knew it belonged to Carl and I knew it didn’t belong in my car, and so I picked it up and I threw it out behind him because it was the only thing I could think of to do.
Q. Now, you suspected that this was contraband of some type?
A. Yes, I definitely did.
[[Image here]]
Q. So you believed, all right, that it was probably contraband, more—
A. Right.
Q. Ninety-nine out of a hundred times? A. Right.
Q. But you didn’t know that for a fact because you had not seen it prior to that?
A. No.
In Chicone our supreme court stated:
While the existing jury instructions are adequate in requiring “knowledge of the presence of the substance,” we agree that, if specifically requested by a defendant, the trial court should expressly indicate to jurors that guilty knowledge means the defendant must have knowledge of the illicit nature of the substance allegedly possessed. We hold that the defendant was entitled to a more specific instruction as requested here.
Chicone, 684 So.2d at 746.
A Chicone instruction was requested in this case; however, the trial court refused to give it because the appellant said she was ninety-nine percent sure that the can-nister contained drugs.
*476 After some deliberations, the jury asked the trial court to answer two questions which were:
[I]f the Defendant was not aware — and that’s underlined, was not aware — that her passenger was in possession of the crack cocaine, was she in possession of the drug simply by it being in her vehicle ...
The parties and the trial court agreed that the answer was, “No.”
The second question was:
[D]oes the Defendant need to have specific knowledge that cocaine was in the film canister or does simply having a suspicion of some controlled substance present on/in her property constitute possession.
At this point appellant’s counsel reminded the trial court of the requested Chicone instruction, but the trial court again refused the instruction. Instead it gave the standard instruction on the elements of the offense.
The jury found appellant guilty of possession of cocaine. On appeal, the state concedes that the trial court erred in not giving a Chicone instruction, but argues that the error was harmless. The state’s argument that it was harmless is consistent with the trial court’s reason for refusing to give the Chicone instruction, which was that the appellant said she was ninety-nine percent sure that the cannister contained drugs.
We agree with appellant that the refusal to give a Chicone instruction was prejudicial error. We would have agreed even if the jury had not raised the question on its own, because, when appellant testified that she was ninety-nine percent sure the cannister contained drugs, she was only expressing her worst fears, considering the circumstances. She was not admitting knowledge. The fact that the jury asked if appellant had to have “specific knowledge” or “simply ... suspicion,” merely confirms the importance of the Chicone instruction.
We do not agree with appellant that she should have been granted a judgment of acquittal; however, the denial of the Chi-cone instruction was error. We therefore remand for a new trial.
GUNTHER and HAZOURI, JJ., concur.